**Abdoulaye BAH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2099–ag.

United States Court of Appeals, Second Circuit.

Jan. 15, 2008.

Matthew J. Harris, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Abdoulaye Bah, a native and citizen of Guinea, seeks review of an April 19, 2007 order of the BIA affirming the August 19, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdoulaye Bah*, No. A95 052 735 (B.I.A. Apr. 19, 2007), *aff'g* No. A95 052 735 (Immig. Ct. N.Y. City, Aug. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for the decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–

06 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Here, substantial evidence supports the agency's adverse credibility determination. The IJ emphasized four inconsistencies in making his decision. First, while Bah claimed in his oral and written testimony that he had been detained the third time for three months, his wife's supporting affidavit stated that "he was mistreated and tortured" for a period of roughly six months. We have held that, where an inconsistency is dramatic, as this one is, the agency may rely on it without first soliciting an explanation from the applicant. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). Nevertheless, the IJ gave Bah the opportunity to explain this inconsistency, but reasonably chose not to credit his explanation that his wife likely included his post-release period in hiding. *Id.* at 80–81. This inconsistency was both substantial and material and was therefore a proper basis for the agency's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307–08 (2d Cir.2003).

Second, the IJ noted that while Bah testified that government officials looked for him at his wife's house after his third arrest, he did not mention this in his application for asylum, nor did his wife mention it in her supporting affidavit. Bah claimed that he did not consider this information important enough to include in his application, but the IJ did not act unreasonably in declining to credit this explanation. *See Majidi*, 430 F.3d at 80–81.

Third, the IJ noted that Bah initially testified that he had been detained for three months after his second arrest, while both his asylum application and his wife's supporting affidavit assert that he was detained for three weeks. While Bah eventually amended his testimony, we have held that the trier of fact is in the best position to determine whether "inconsis-

tent responses are the product of innocent error or intentional falsehood." *Zhou Yun Zhang,* 386 F.3d at 73. Here, we cannot say that the IJ acted unreasonably in relying on this discrepancy as another basis for his adverse credibility determination.

Finally, the IJ noted that Bah testified that he became a member of the Union for the New Republic ("UNR") in 1992, and that he was issued one membership card at that time which continued to serve as his membership card when the UNR merged with another organization to form the Union for Progress and Renewal ("UPR") in 1998. However, the letter from the UPR Secretary in New York stated Bah received a UPR membership card in May 1999 after joining the party in 1998. While Bah attempted to explain this as a simple misunderstanding, the IJ did not err in declining to credit this explanation. *See Majidi,* 430 F.3d at 80–81.

In sum, substantial evidence in the record, considered in the aggregate, supports the agency's adverse credibility finding, and the resulting determination that Bah failed to establish his eligibility for asylum. Because Bah based his claim for withholding of removal and CAT relief on the same evidence that the agency reasonably found to lack credibility, these claims necessarily fail as well. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, and Bah's pending motion for a stay of removal in this petition is DISMISSED as moot.